IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Kathryn H. Vratil

Civil Action No. 19-cv-02467-KHV
Criminal Action No. 10-cr-00502-KHV-1

UNITED STATES OF AMERICA,

　　Plaintiff-Respondent,

v.

MICHAEL JACOBY,

　　Defendant-Movant.

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

The matter is before the Court on defendant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. #914) filed August 26, 2019. In his § 2255 Motion, Mr. Jacoby asserts a single claim of "actual innocence and miscarriage of justice." *Id.* at 4

The Court must construe the § 2255 motion liberally because Mr. Jacoby is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court dismisses defendant's § 2255 motion for lack of jurisdiction.

### BACKGROUND

Following a three-week jury trial, Mr. Jacoby was convicted of eleven counts of wire fraud, three counts of money laundering, and two counts of bank fraud. Doc. #520-1. He was sentenced to 108 months imprisonment and five years of supervised release. Doc. #652. On

direct appeal, the Tenth Circuit affirmed Mr. Jacoby's conviction and sentence. Doc. #797, *United States v. Zar*, 790 F.3d 1036 (10th Cir. 2015). The United States Supreme Court denied his petition for a writ of certiorari. Doc. #812.

On January 19, 2016, Mr. Jacoby filed a motion to vacate pursuant to 28 U.S.C. § 2255 asserting four claims for relief. Doc. #813. On November 9, 2017, the Court denied Mr. Jacoby's § 2255 motion because each of his claims lacked merit. Doc. #880. On December 4, 2017, Mr. Jacoby filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), (Doc. #888), which the Court denied on December 22, 2017, (Doc. #892). Mr. Jacoby appealed the denial of his § 2255 motion, but the Tenth Circuit denied a certificate of appealability and dismissed the appeal. Doc. #910, *United States v. Jacoby*, 750 Fed. App'x 689 (10th Cir. Oct. 4, 2018). He requested a rehearing en banc, which the Tenth Circuit denied. Doc. #911. On February 25, 2019, the United States Supreme Court again denied a petition for writ of certiorari. Doc. #913. Mr. Jacoby filed the instant § 2255 motion on August 26, 2019. Doc. #914.

**ANALYSIS**

Because Mr. Jacoby filed a prior § 2255 motion that was denied on the merits, the instant § 2255 motion is a second or successive motion. Pursuant to § 2255(h) and 28 U.S.C. § 2244(b)(3), Mr. Jacoby must obtain an order from the Tenth Circuit authorizing this Court to consider it. *See In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (per curiam). Absent such authorization, the district court lacks jurisdiction to consider the § 2255 motion. *See id.* at 1251.

Mr. Jacoby does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion. Therefore, the Court must either dismiss

the § 2255 motion for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See id.* at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252. In order to present a meritorious successive claim, a federal prisoner must demonstrate the claim is based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

Mr. Jacoby fails to demonstrate that he is raising a claim based on newly discovered evidence pursuant to § 2255(h)(1) or a claim pursuant to a new and retroactive rule of constitutional law under § 2255(h)(2). Although he asserts that he has evidence that was not presented to the jury, he does not allege that such evidence was "newly discovered." Therefore, the claim does not fall within § 2255(h)(1). *See United States v. Maravilla*, 566 F. App'x 704, (10th Cir. 2014) (§ 2255(h)(1) requires new evidence of actual factual innocence).

Because Mr. Jacoby fails to demonstrate that the claim which he seeks to assert is meritorious, the Court finds that a transfer is not in the interest of justice. *See In re Cline*, 531

F.3d at 1252. Instead, the § 2255 motion will be dismissed for lack of jurisdiction.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court denies a certificate of appealability because Mr. Jacoby has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Jacoby files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within 30 days in accordance with Fed. R. App. P. 24.

**IT IS THEREFORE ORDERED** that defendant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. #914) is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

**IT IS FURTHER ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. # 915) is **DENIED as moot**.

DATED this 18th day of September, 2019 at Kansas City, Kansas.

BY THE COURT:

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge